### GEO. W. CRAVENS, ETC., *v.* W. C. GRAY.

**Process—Waiver of Service.**

Where the defendant by her attorney excepted to the decision of the court and appeared and filed exceptions to the commissioner's report of sale, she waived service of process.

**Appeal—Remedy by.**

Where the defendant excepted to the decision of the court, and appeared and filed exceptions to the commissioner's report of sale she thereby made herself a party to the suit, and her remedy for any supposed wrong is by appeal.

**Lis Pendens—Affects Whom.**

A lis pendens created by an action, can affect only those who are parties to the action and those claiming through them, and only to the extent that the determination of the question involved in the litigation settled the rights of the litigants.

**Evidence—Survivorship—Burden of Proof.**

Where plaintiffs' right to the property in question depends on the survivorship of their mother and another, the burden of proving survivorship is on plaintiffs.

APPEAL FROM CHRISTIAN CIRCUIT COURT.

February 17, 1873.

OPINION BY JUDGE LINDSAY:

The deed executed September 27, 1856, by John Gray, Sr., to Mrs. Margaret W. Cravens, invested her with the fee to the lands therein embraced, subject to an estate for life in favor of the grantor and his wife, and defeasible in case either of them should survive

her, in which event and in no other her children were to take as grantees.

At the time of the second judgment in the case of *Phelps McKee, etc., v. The Heirs of the Deceased Grantor*, Mrs. Cravens and her mother were both alive, as they also where when the land in controversy was sold and the purchase of W. C. Gray confirmed. This judgment and sale were not void as to Mrs. Cravens. We are inclined to regard the pleading styled the amended petition as an original petition, and as the beginning of a new action so far as the eighty-acre tract of land conveyed by Gray to Mrs. Cravens is concerned. If Mrs. Cravens had not entered her appearance, the court could have rendered no judgment affecting her rights until process had been properly served.

That she waived the service of process is manifested by the recital in the face of the judgment to this effect: "and to this decision the defendant, M. W. Cravens, by her attorney excepts," and by the further fact that she appeared and filed exceptions to the commissioner's report of the sale.

Having thus made herself a party to the suit, her remedy for any supposed wrong was by appeal. The legal effect of the judgment and sale can not be escaped by her, or those claiming through her in a collateral proceeding like this.

The lis pendens created by the suit of *Gray's Heirs v. Cravens and Others* affects none but those who were parties to that action and persons claiming through them, and only to the extent that the determination of the questions involved in that litigation settled the rights of the litigants. The judgment in favor of Mrs. Cravens entered in 1868 in obedience to the mandate of this court, had no other effect than to declare that the deed under which she claimed was valid, and that she could hold the land conveyed against the heirs of the grantor. It did not determine that the creditors of the grantor could not subject it to the payment of their debts. Nor did it in any way affect the judgment or sale theretofore made in the suit of the creditors, nor does the purchaser under said judgment occupy a less favorable attitude because of the fact that he was one of the unsuccessful litigants in a suit involving issues altogether different.

He was not bound to set up his newly-acquired title in this suit. In fact, he had no opportunity to set it up. He acquired it whilst

the suit was pending in this court, and the mandate in the cause imperatively commanded the circuit court to dismiss the petition, nothing was left open for further litigation.

The evidence fails to sustain the charge that appellee, Gray, fraudulently interfered to prevent competition at the sale at which he purchased. No witness states that he had personal knowledge of such conduct on Gray's part. That he purchased the lands at a grossly inadequate price will not authorize us to conclude that such was the case, more especially as the charge was inquired into by the circuit court upon Mrs. Craven's exceptions to the confirmation of the sale.

It therefore seems to us that appellants so far as they claim title through their mother are precluded from asserting their claim as against these appellees by reason of the judgment and sale in the case of Phelps McKee, etc.

From the record we can not determine that they claim as grantees under the deed from John Gray, Sr., to their mother. It is evident that Mrs. Cravens and her mother, Mrs. Gray, both died between May, 1866, and April, 1868, but we find it impossible to ascertain which of them survived the other.

If Mrs. Cravens died first, then upon the death of Mrs. Gray these appellants took as grantors under the deed of John Gray, and as they were not served with process in the second suit of Gray's creditors, the judgment and sale is void as to them. Upon the other hand, if their mother survived, they must claim title as her heirs at law, never having acquired title under the deed, and said judgment and sale interposes an insuperable bar to the relief sought.

Being plaintiffs, the onus was upon them to make out their case. Having failed to show that Mrs. Gray survived their mother, the court below did not err in dismissing their petition.

Judgment *affirmed*.

*Dabney & Son, Phelps & Son, Petrie, for appellant.*

*Little, for appellee.*